IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,934-01, WR-75,934-02, WR-75,934-03 & WR-75,934-04






EX PARTE JAMES ALLEN PELLOAT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 5591, 5593, 5617 & 5594 IN THE 1-A JUDICIAL DISTRICT COURT


FROM NEWTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered into a plea agreement
whereby he pleaded guilty to two charges of sexual assault of a child, and two charges of improper
relationship between an educator and a student. He was sentenced to twenty years' imprisonment
for each charge, with the sentences in two of the four charges running consecutively, and the other
two sentences running concurrently. He did not appeal his convictions.

 Applicant contends, inter alia, that the trial court lacked jurisdiction to entertain the plea
agreement, that his pleas were not knowingly and voluntarily entered, and that his trial counsel
rendered ineffective assistance because he failed to investigate and discover that one of the offenses
to which Applicant pleaded guilty was not a separate crime at the time it was alleged to have been
committed. 

 On June 22, 2011, this Court remanded to the trial court to obtain affidavits and findings
addressing Applicant's allegations. On October 7, 2011, this Court received supplemental filings
from the trial court, including an affidavit from trial counsel and the trial court's findings of fact.
Both trial counsel in his affidavit and the trial court in its findings make reference to evidence that
was provided to the defense prior to the entry of the pleas in these cases. That evidence apparently
included statements by the complainants and Applicant himself. None of this evidence has been
included in the habeas record. 

 The trial court shall supplement the habeas record with copies of any evidence, including
statements of the complainants, other witnesses or Applicant himself, which show how long the
offense alleged in cause number 5594 continued. The trial court shall make findings as to whether
there was evidence that Applicant engaged in sexual contact with the complainant on a date after
September 1, 2003, and that the complainant was enrolled in a school at which Applicant worked
on that date. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


 

Filed: November 2, 2011

Do not publish